1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

CORTEZ D. JONES,

7

Plaintiff,

CASE NO. **2:23-cv-01223-JHC**

8

v.

**REPORT AND
RECOMMENDATION**

9

KEVIN BRYAN PARAMORE,

10

Defendant.

11
12
13
14

*Pro se* Plaintiff Cortez D. Jones filed a complaint against Kevin Bryan Paramore. He alleges Defendant poisoned and killed his mother. Dkt. 1-1. Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP").  Dkt. 1. Pursuant to General Order 11-22 Plaintiff's IFP application has been referred to the undersigned United States Magistrate Judge.

15

**DISCUSSION**

16
17
18
19
20
21
22
23

Generally, a party commencing a civil action in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may permit an action to commence without prepayment of fees and costs of security, by a person who submits an affidavit showing the person cannot pay such fees or give security. 28 U.S.C. § 1915(a)(1). Thus, an action may proceed without payment of the filing fee only if the Court grants leave to proceed IFP. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir.1999). Permission to proceed IFP is itself a matter of privilege and not a right and the denial of IFP status does not violate the applicant's right to due process. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v.*

1    *Dickson*, 314 F.2d 598, 600 (9th Cir.1963), *cert. denied*, 375 U.S 845 (1963). The Court has

2    broad discretion to grant or deny an IFP application. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

3    Cir.1990); *Weller*, 314 F.2d at 600-601.

4          Plaintiff avers in his IFP application that he is employed, receives take home pay of

5    $35,000.00 a month, and over the last twelve months has received $324,000.00 in rent, interest,

6    or dividends. Plaintiff also avers he has received $32,000 in public benefits over the last twelve

7    months. Dkt. 1. The information Plaintiff presents shows he can afford to pay the filing fee in

8    this case.

9          The Court thus recommends Plaintiff's application to proceed IFP be **DENIED,** and

10   Plaintiff be directed to pay the usual filing fee within 30 days of the District Court's Order.  If

11   Petitioner fails to pay the filing fee, the Clerk should be directed to close the file.

12                                    **APPEAL AND OBJECTIONS**

13         This Report and Recommendation is not an appealable order. Thus, Plaintiff should not

14   file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the

15   assigned District Judge enters a judgment in the case.

16         Plaintiff has been advised, on at least six occasions, that he is not entitled to proceed IFP.

17   *See* 23-1149 LK *Cortez Jones v. Fidelity Investments*; 23-1211 JHC *Cortez Jones v. Tukwilla*

18   *City Hall;* 23-1189 RAJ *Cortez Jones v. EPA*; 23-1184 RSM *Cortez Jones v. Sound Transit*; 23-

19   1150 JNW *Cortez Jones v. King County Sheriff*; 23-1165 RSL *Cortez Jones v. Wheat*.

20         Plaintiff has received sufficient notice that he is not entitled to proceed IFP based on his

21   assertions in his IFP application. Moreover, as a notice is not a non-dispositive matter under Rule

22   72(a), Plaintiff is not entitled to file written objections to this recommendation that his IFP

23   application be denied. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 2

1    Accordingly, the undersigned recommends the District Judge adopt the recommendation

2  to deny Plaintiff's IFP application immediately.

3    DATED this 16th day of August, 2023.

4

5    _____

6    BRIAN A. TSUCHIDA
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 3